*302 F. Supp. 1339*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 15 1969

PATRICIA D. WILT
CLERK

**THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION**

IN RE MULTIDISTRICT PRIVATE CIVIL    )
TREBLE DAMAGE ANTITRUST LITIGATION   )   DOCKET NO. 21
INVOLVING ADMISSION TICKETS          )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

Following notice to counsel for all parties in the then pending cases, a hearing was held on March 31, 1969, on the initiative of the Panel, to determine if the cases should be transferred to a single district for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.[1] The responses filed by the parties and argument of counsel at the hearing

---

[1] The "Order to Show Cause and Notice of Hearing" filed on March 14, 1969 provided in part:

> You and each of you are hereby ORDERED to show cause why the actions listed on Schedule A should not be transferred for coordinated or consolidated pretrial proceedings on the initiative of the Panel under Section 1407, Title 28, United States Code, to a district or districts other than those in which they are now pending.
>
> IT IS FURTHER ORDERED that a hearing will be held at 9 a.m. on March 31, 1969, in the United States Court of Appeals Courtroom, 17th Floor, United States Courthouse, Foley Square, New York, New York, on the question of such transfer.

produced a contrariety of opinions. Some opposed consolidation unequivocally,[2] while others argued that transfer at that time would have an adverse effect on pending settlement negotiations.[3] Several favored transfer of the cases to the Southern District of New York or the Eastern District of Pennsylvania,[4] while others favored transfer to the Northern District of Illinois.[5]

We concluded following the hearing that a stay of Panel action would be in the interest of justice. Accordingly, on May 2, 1969 an order was entered deferring decision until June 30, 1969 and requesting counsel for Globe Ticket Company to furnish a status report showing the cases and claims which were settled and dismissed in the interim and the status of pretrial proceedings in the remaining cases. Status reports were filed on June 13, 1969 and July 17, 1969.

---

[2] Plaintiffs ABC Great States Inc., City of New York, The New York City Transit Authority; Defendants Arcus Ticket Co., International Ticket Company, and Arcus Simplex-Brown, Inc.
[3] Defendants Globe Ticket Company, Globe Ticket Company of New England, Globe Ticket Company No. 2, Southwest Globe Ticket Company, Inc. (Florida), and William H. Patton.
[4] Plaintiff State of New York and defendant Elliott Ticket Company.
[5] Defendants Rand McNally & Company, Ansell-Simplex Ticket Company, American Ticket Company, Premier Southern Ticket Company, Inc., and Arcus Ticket Company.
(NOTE: Several of the parties opposing transfer did offer their choice for transferee forum in the event a transfer was ordered. Separate counsel representing the same defendant in different districts sometimes took different and conflicting positions on the transfer issue.

It appears from these reports that several claims have been settled and dismissed but we do not believe that further delay in determining whether there should be any transfer for coordinated or consolidated pretrial proceedings would be in the interest of justice. We have concluded that these cases are clearly appropriate for transfer under Section 1407 and that the convenience of parties and witnesses and the just and efficient conduct of these actions will be best served by transferring all cases not already pending there to the Northern District of Illinois for assignment for coordinated or consolidated pretrial proceedings to Judge Edwin A. Robson.

The existence of one or more common questions of fact is the statutory predicate to transfers under Section 1407. All of these cases have a common genesis in the 1967 indictment filed in the Eastern District of Pennsylvania charging a multi-state combination and conspiracy within the ticket industry to (1) allocate customers, (2) refrain from competing, (3) fix prices, and (4) submit collusive and rigged bids. On November 14, 1967 pleas of nolo contendere were accepted from each of the corporate defendants and these civil actions were commenced thereafter. Each civil complaint contains, in substantially identical terms, a recitation of the allegations contained in the indictment. With but few exceptions, the same ten corporate defendants are named in each action and all ten are named

defendants in cases presently pending in each of the three districts affected by this order. Common questions of fact relating to the existence and scope of the alleged conspiracy and its effect on prices of admission tickets are *common* to all cases and are of critical importance to *all* parties.

Transfer of all cases to the Northern District of Illinois cannot seriously inconvenience any defendants for they are all named in actions already pending in that district. The smaller corporate defendants will benefit financially for they will not be required to retain counsel to represent their interests in three district courts. Of course, it would be most convenient for counsel for the plaintiffs in the actions pending in the Southern District of New York and the Eastern District of Pennsylvania if coordinated or consolidated pretrial proceedings were conducted in either of those districts "but the Panel must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation as a whole in the light of the purposes of the law." *In re Library Editions of Childrens' Books*, 297 F. Supp. 385, 386 (Jud. Pan. Mult. Lit. 1968).

At the time the hearing was held, nine of the eleven pending cases had been filed in either the Eastern District of Pennsylvania or the Southern District of New York and this concentration was suggested by several of the parties as a

compelling reason for transferring the remaining cases to one of those districts. During the intervening period several of these cases have been settled and dismissals have either been entered or are expected soon. The *active cases* are now located in the following districts: two in the Northern District of Illinios, three in the Southern District of New York, and two in the Eastern District of Pennsylvania. Any residual numerical superiority favoring the East Coast courts is clearly outweighed by several factors which compel the selection of the Northern District of Illinois as the most appropriate transferee court. The *ABC Great States Case* pending in the Northern District of Illinois is the only one in which any meaningful discovery has occurred and it, and the *RKO-Stanley Warner Case*, are the only cases to which a judge has been assigned for all purposes. In addition, it is estimated that the *ABC Great States Case*, which includes nearly 100 named plaintiffs, is larger (perhaps twice as large) in amount of damages than the aggregate of the cases pending in Philadelphia and New York. We are also told that more of the defendants have their principal places of business in Chicago than in Philadelphia and New York.

In sum, we are satisfied that the convenience of parties and witnesses and the just and efficient conduct of all of the cases listed on Schedule A will be served by the transfer

of those cases not filed therein to the Northern District of Illinois for assignment to Judge Robson for coordinated or consolidated pretrial proceedings.6/

IT IS THEREFORE ORDERED that the cases listed on the attached Schedule A not already pending in the Northern District of Illinois are hereby transferred to that district and assigned to the Honorable Edwin A. Robson for coordinated or consolidated pretrial proceedings.7/

Attachment

---

6/ Judge Robson is willing to accept this added responsibility and the Northern District of Illinois, through its Chief Judge, has consented to the assignment of these additional cases to him.
7/ This transfer will not affect any actions or claims settled and dismissed prior to the filing of this opinion and order with the Clerk of the Northern District of Illinois.

## SCHEDULE A

### NORTHERN DISTRICT OF ILLINOIS

1. ABC Great States, Inc., et al. v. Globe Ticket Co., et al. — Civil Action No. 68 C 1690

2. RKO Stanley Warner Theaters, Inc. v. Globe Ticket Co., et al. — Civil Action No. 69 C 844

### SOUTHERN DISTRICT OF NEW YORK

3. The City of New York, et al. v. American Ticket Corp. and Rand McNally & Co. — Civil Action No. 68 C 1

4. New York City Transit Authority v. American Ticket Corp. and Rand McNally & Co. — Civil Action No. 68 C 194

5. Port of New York Authoirty, et al. v. American Ticket Corp., et al. — Civil Action No. 68 C 25

6. The State of New York, et al. v. Globe Ticket Co., et al. — Civil Action No. 68 C 2388

7. Richard Joyce Smith, et al. v. American Ticket Corp., et al. — Civil Action No. 68 C 4413

8. Madison Square Garden Corp. v. Globe Ticket Co., et al. — Civil Action No. 68 C 4373

### EASTERN DISTRICT OF PENNSYLVANIA

9. Savar Corp., et al. v. Globe Ticket Co., et al. — Civil Action No. 43101

10. Pennsylvania Turnpike Commission v. Globe Ticket Co., et al. — Civil Action No. 44369

11. Ralph Cohn v. Globe Ticket Co. & Elliott Ticket Company — Civil Action No. 43244